IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIMOTHY KELLEY, as Parents and Next Friend of H.K.,**
**AND EMILY KELLEY, as Parents and Next Friend of H.K.**          **PLAINTIFFS**

v.                       CASE NO.: 4:23-CV-00782-LPR

**VILONIA SCHOOL DISTRICT; DOUGLAS ADAMS,**
**Individually and in his capacity as Superintendent**
**of the Vilonia School District; CATHY RIGGINS,**
**Individually and in her capacity as Assistant**
**Superintendent of the Vilonia School District;**
**ANDY PENNINGTON, Individually and in his**
**Capacity as Principal in Vilonia School District;**
**TAMMY MOORE, Individually and in her capacity**
**as Assistant Principal In Vilonia School District;**
**JENNIFER JENSEN, Individually and in her**
**Capacity as Director of Special Services;**
**VILONIA POLICE DEPARTMENT; BRAD MCNEW,**
**Individually and in his capacity as a Chief of**
**Police for the Vilonia Police Department; AND**
**JAMES GIBSON, Individually and in his capacity**
**as an Officer with the Vilonia Police Department.**          **DEFENDANTS**

## PROTECTIVE ORDER

The parties, through discovery, will produce private and sensitive information. In order to permit the parties adequate access to the records necessary to completely present this case herein, and, at the same time address privacy concerns, it is hereby, ORDERED, ADJUDGED and DECREED as follows:

1.    Separate Defendant Chief Brad McNew, in his individual and official capacities, is providing Plaintiffs with law enforcement documentation that contains confidential and sensitive information related to officers and juveniles.

2. All personal information such as addresses, medical information, mental and physical health, social security numbers, telephone numbers, and other personal identifying information are considered private and sensitive and will be redacted.

3. Any private and sensitive information produced in response to discovery requests as provided in Paragraph 1 above shall be considered confidential. Information designated by the parties as "Confidential" that has not been redacted must not be filed on the public docket. If practical, information designated as "Confidential" will be redacted pursuant to Fed. R. Civ. P. 5.2. If redaction and public filing is impractical, then any confidential record shall be clearly marked as confidential and filed under seal.

4. All confidential information provided hereunder shall be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. If there is a dispute as to which documents are confidential, counsel must confer in good faith in an attempt to resolve the dispute. If the dispute remains, a discovery motion should be filed sufficiently in advance of the discovery deadline in this case. Moreover, Plaintiffs may not utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action without a new request.

5. All records, documents, tapes, or any other tangible item containing confidential information provided hereunder shall be retained in the custody of the Plaintiffs' and Defendants' counsel, including their paralegal(s), secretarial staff, and/or other staff members, during the pendency of this litigation. Counsel for Plaintiffs and Defendants may also provide copies of such records, documents, or other material containing confidential information to any expert witness[es] retained by the Plaintiffs

or Defendants or persons frequently employed by such expert[s] whose review of the material is necessary for the Plaintiffs to prosecute and Defendants to defend this litigation.

6. If documents or records containing confidential information are used during depositions, all portions of the deposition that reference the confidential information shall be treated as confidential in accordance with this Order.

7. The confidential information provided hereunder shall not, in any manner, be transferred, copied, or communicated, orally or in writing, to any other person not mentioned herein, except for the Court and court staff.

8. All materials produced herein pursuant to this Order shall be destroyed promptly by Plaintiffs' counsel upon completion of this litigation. This does not apply to any copies retained by the Court.

9. This Protective Order shall govern all pre-trial proceedings, but not apply to trial. If any party wants to seal any portion of the trial, trial record, or trial transcript, that party must inform the Court prior to trial.

10. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order of this Court.

11. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure or by any statute or other authority.

12. This Order will remain in effect no longer than one year after litigation ends, including any appeal.

IT IS SO ORDERED on this 21st day of May, 2024.

                                                  LEE P. RUDOFSKY  
                                                  UNITED STATES DISTRICT JUDGE