IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIMOTHY KELLEY and EMILY KELLEY,**  **PLAINTIFFS**
as Parents and Next Friend of H.K.

v.  Case No. 4:23-cv-00782-LPR

**VILONIA SCHOOL DISTRICT, et al.**  **DEFENDANTS**

## ORDER

The relevant background to this Order can be found in the Court's February 7, 2025 Order.[1] The Court need not repeat that background again. Instead, the Court hereby adopts and incorporates the February 7, 2025 Order as if fully stated herein.

Plaintiffs' Motion for Leave to File Out-of-Time Response is DENIED.[2] First, the Motion is not accompanied by a brief. This violates Local Rule 7.2(a). It also violates the Court's prior Order that explicitly required—consistent with Local Rule 7.2(a)—a supporting brief.[3] Second, the Motion is not supported by a declaration from Plaintiffs' counsel. This too violates the Court's prior Order.[4] Third, the Motion does not add anything to Plaintiffs' earlier submissions with respect to "Plaintiffs' position on Rule 56 and whether Plaintiffs' counsel failed to read the Local Rule [and] the Final Scheduling Order[.]"[5] This too violates the Court's prior Order.[6] Fourth, the

---

[1] *See* Order (Doc. 79).

[2] Mot. for Leave (Doc. 80). Plaintiff's Motion to Amend is also DENIED. Mot. to Amend (Doc. 81). The Motion to Amend provides a proposed Amended Motion for Leave. Except for a single issue related to Local Rule 6.2(b), the Motion for Leave and the proposed Amended Motion for Leave are identical. *Compare* Mot. for Leave (Doc. 80), *with* Ex. 1 (Proposed Am. Mot. for Leave) to Mot. to Amend (Doc. 81-1). Accordingly, when the Court discusses the failures of the Motion for Leave, it should be understood that the proposed Amended Motion for Leave would not remedy those failures. That is, the analysis is the same whether the Court looks to the Motion for Leave or the proposed Amended Motion for Leave.

[3] *See* Order (Doc. 79) at 5.

[4] *See id.*

[5] *Id.* at 5–6.

[6] *See id.*

Motion fails to explain why the conduct of Plaintiffs' counsel constitutes anything other than "the 'garden-variety attorney inattention' or 'inadvertence' that [the Eighth Circuit] generally find[s] to be inexcusable neglect."[7] This too violates the Court's prior Order.[8] Fifth, Plaintiffs did not, prior to the filing of the Motion, contact the District Defendants to determine whether they consented to or opposed the Motion.[9] That violates Local Rule 6.2(b). Each of these failures independently justify denial of the Motion.

Because the Motion for Leave to File Out-of-Time Response has been denied, the Court's prior Order results in the striking of all submissions filed by Plaintiffs in response to the District Defendants' Motion for Summary Judgment.[10] Accordingly, the District Defendants' Motion to Strike is hereby GRANTED in full.[11] The parties are instructed to be prepared to discuss any

---

[7] *Id.* at 6. In a few of the Motion's (very terse) numbered paragraphs, Plaintiffs tell of the technical difficulties that Plaintiffs' counsel encountered when filing documents on August 30, 2024. *See* Mot. for Leave (Doc. 80) ¶¶ 5–10. Of course, the relevant deadline was August 26, 2024. So, whatever technical difficulties Plaintiffs' counsel experienced on August 30, those difficulties fail to explain why Plaintiffs did not file or attempt to file the responsive submissions by August 26. It is true that the Motion states that "[t]he logistics of preparing the multiple electronic filing packages proved more daunting than anticipated, and the packages were not fully assembled until the afternoon of August 30, 2024." *Id.* ¶ 4. But this "explanation" is entirely insufficient. Plaintiffs provide no details concerning the nature of the alleged logistical problems or how they prevented Plaintiffs' counsel from filing the responsive submissions on or before August 26. The Motion certainly does not explain why the actions of Plaintiffs' counsel were not "garden-variety attorney inattention" or "inadvertence." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000).

[8] *See* Order (Doc. 79) at 6.

[9] *See* Mot. to Amend (Doc. 81) ¶¶ 1–2. The Motion for Leave was filed at approximately 1:00 a.m. on February 10, 2025. Plaintiffs did not, before this filing, reach out to District Defendants to determine whether they consented to or opposed the Motion. About five-and-a-half hours after the filing, Plaintiffs reached out to the District Defendants on this point. About 14 hours after reaching out to the District Defendants, Plaintiffs filed their Motion to Amend. Although the proposed Amended Motion for Leave was filed after Plaintiffs reached out to the District Defendants, the proposed Amended Motion for Leave still violates Local Rule 6.2(b) because it does not "state whether the adverse party opposes or does not oppose" the Motion for Leave (or the proposed Amended Motion for Leave).

[10] *See* Order (Doc. 79) at 5. This means that Docs. 43–49 are struck—at least as they would otherwise be applicable to the District Defendants' Motion for Summary Judgment. To the extent any of these filings could be read to respond to Defendant James Gibson's Motion for Summary Judgment, the Court will inquire of the parties at the summary judgment hearing whether the striking of these filings should apply to Mr. Gibson's Motion for Summary Judgment as well.

[11] Mot. to Strike (Doc. 64). A portion of the District Defendants' Motion to Strike concerned evidentiary documents. The Court need not address, and therefore does not address, the District Defendants' arguments as to why these particular documents should be struck. That is because the global striking of Docs. 43–49 results in the striking of the specific evidentiary documents that the District Defendants challenged.

consequences that flow from the striking of those documents at the upcoming summary judgment hearing.

* * *

Now the Court must turn to an unpleasant but necessary task occasioned by the conduct of Plaintiffs' counsel in this litigation. The Court orders Bridgette Leanne Work to show cause why the Court should not: (1) sanction her by way of a monetary penalty, additional CLE requirements, and/or suspension from practicing in front of the United States District Court for the Eastern District of Arkansas; and (2) report her conduct to the appropriate attorney disciplinary authority in Arkansas.[12] In addition to Ms. Work's unacceptable, repeated legal mistakes—which the Court has outlined in its prior Order and in this present Order—it now appears that Ms. Work has lied to the Court. In the original Motion for Leave, she stated: "In accordance with Local Rule, Plaintiffs' Counsel has reached out to Defendants' Counsel via email but had no response at the time of this filing."[13] The Court believes this statement was intentionally false. Indeed, in a Motion to Amend filed later in the day, Ms. Work acknowledges the falsity of her prior statement.[14] She concedes that (1) she filed the original Motion for Leave at approximately 1:00 a.m. on February 10, 2025, and (2) she did not email the District Defendants until approximately 6:40 a.m. on February 10,

---

[12] Should the Court choose to impose sanctions in this matter, it would be doing so pursuant to both Federal Rule of Civil Procedure 11 and its inherent authority. *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."); *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) ("A court's inherent power includes the discretionary 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991))).

[13] Mot. for Leave (Doc. 80) ¶ 14.

[14] *See* Mot. to Amend (Doc. 81) ¶¶ 1–4.

2025.[15] Ms. Work provides no explanation (let alone an innocent explanation) for the falsehood contained in the original Motion.[16]

The lie just discussed is bad enough on its own. But it also gives the Court additional reason to question the veracity of Ms. Work's professed interpretation of Federal Rule of Civil Procedure 56. Recall that, in an earlier submission, Ms. Work asserted that Rule 56 authorized a plaintiff to respond to a summary judgment motion in any amount of time that the plaintiff desired, so long as that time period was "reasonable."[17] As the Court explained in its prior Order, that professed interpretation was so ridiculous that the Court could not determine whether it was the result of terrible lawyering or a *post hoc* fabrication.[18] Ms. Work's new lie pushes the Court closer to the *post hoc* fabrication theory.[19] In any event, the way Ms. Work has litigated this case—including lying, asserting a ridiculous legal interpretation, and failing to follow basic rules of Court (and the Court's explicit Orders)—has done a disservice to her clients, to the other lawyers in this case, to the Court, and to the administration of justice. Ms. Work must appear in person before this Court at 9:00 a.m. on the 18th day of March 2025 to respond to the Court's concerns and, if she can, show cause as discussed above.[20] Ms. Work may, at her option, file a written brief with

---

[15] *Id.* ¶¶ 1–2.

[16] Ms. Work's conduct may amount to a violation of Federal Rule of Civil Procedure 11(b)(3).

[17] *See* Br. in Opp'n to Mot. to Strike (Doc. 67) at 2–3.

[18] *See* Order (Doc. 79) at 4–5.

[19] It doesn't help that, even after the Court's explanation of Rule 56 in its prior Order, Ms. Work still maintains (in the Motion for Leave and the proposed Amended Motion for Leave) that the "Federal Rules of Civil Procedure provid[e] that a Response is to be filed within a 'reasonable' amount of time." Mot. for Leave (Doc. 80) ¶ 11; Ex. 1 (Proposed Am. Motion for Leave) to Mot. to Amend (Doc. 81-1) ¶ 11. To the extent that Ms. Work is maintaining her frivolous position concerning Rule 56 without responding to the Court's prior Order—which explained why that interpretation is ridiculous—such conduct, on its own, may amount to a violation of Federal Rule of Civil Procedure 11(b)(2).

[20] To be clear, Ms. Work should be prepared to show cause why the conduct described in the Court's February 7, 2025 Order and in the instant Order does not amount to a violation of Rule 11(b) and/or an abuse of the judicial process. Ms. Work should also be prepared to discuss what consequences (if any) are appropriate if the Court concludes that any of her conduct violated Rule 11(b) or otherwise abused the judicial process. Counsel for the Defendants should attend the show cause hearing. The Court requests their presence out of an abundance of caution to ensure that there are no improper *ex parte* communications regarding the substance of the instant litigation.

respect to this Show Cause Order, so long as she files it at least four days before the March 18 hearing. Ms. Work must review this Order and the Court's February 7, 2025 Order with her clients in the instant case, and she must invite those clients to the March 18 hearing.[21] The Court will allow Ms. Work to be represented by counsel with respect to this Show Cause Order if she chooses to do so.

    IT IS SO ORDERED this 13th day of February 2025.

                                            LEE P. RUDOFSKY
                                            UNITED STATES DISTRICT JUDGE

---

[21] No later than March 3, 2025, the Plaintiffs must file personal declarations swearing (under penalty of perjury) that Ms. Work has provided to them and reviewed with them this Order and the Court's February 7, 2025 Order. The declarations must also state (again under penalty of perjury) that the Plaintiffs have actually read the entirety of both Orders.