IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY KELLEY and EMILY KELLEY, as Parents and Next Friend of H.K., <br><br> PLAINTIFFS <br><br> v. <br><br> VILONIA SCHOOL DISTRICT; DOUGLAS ADAMS, Individually and in his capacity as Superintendent of the Vilonia School District; CATHY RIGGINS, Individually and in her capacity as Assistant Superintendent of the Vilonia School District; ANDY PENNINGTON, Individually and in his Capacity as Principal in Vilonia School District; TAMMY MOORE, Individually and in her capacity as Assistant Principal in Vilonia School District; JENNIFER JENSEN, Individually and in her capacity as Director of Special Services; VILONIA POLICE DEPARTMENT; BRAD MCNEW, Individually and in his capacity as Chief of Police for the Vilonia Police Department; AND JAMES GIBSON, Individually and in his capacity as an officer with the Vilonia Police Department; <br><br> DEFENDANTS | CASE NO. 4:23-CV-00782-LPR |

**PLAINTIFFS' BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW Attorney Bridgette L. Work, counsel of record for Plaintiffs Timothy and Emily Kelley in the above captioned matter, and states the following:

I.   INTRODUCTION

The purpose of this brief is to explain, and when possible, justify the procedural errors and failures made by Attorney Bridgette L. Work before this Court in the above captioned case.

1

## II.  STATEMENT OF PERTINENT FACTS

The following facts are pertinent to this Brief in Response to that Order including facts stated in repetition of other documents entered into this matter.[1]

Attorney Bridgtte L. Work ("Attorney Work") is 2022 licensed Arkansas attorney. The prior twenty (20) years, Mrs. Work had a career working with individuals with special needs as a Speech-Language Pathologist and serving as a public-school administrator of Special Education.

Attorney Work clerked for Sharon Carden Streett, a prominent attorney for public schools from December 2018 until April 2023.[2] Attorney Work is a solo practitioner whose assists families in disputes with school districts, defends educators before Professional Licensure Standards Board, and litigates domestic relations matters. This case is the first independent filing in any court.

On 02/28/23, Plaintiffs Timothy and Emily Kelley filed the Complaint against the Vilonia School District ("District"), Superintendent Douglas Adams, former Assistant Superintendent Cathy Riggins, former Principal Andy Pennington, former Assistant Principal Tammy Moore, former Director of Special Education Jennifer Jensen, Vilonia Police Department, Police Chief Brad McNew, and former school resource officer James Gibson.[3]

On 08/09/24, Separate Defendant Vilonia Police Department and Chief Brad McNew filed a motion for summary judgement.[4] Plaintiffs filed their Response and Brief in Opposition to summary judgment on 08/23/24. Separate Defendant's Reply was entered on 09/13/24.[5]

On 08/12/24, Separate District Defendants and Separate Defendant Gibson filed separate motions for summary judgment.[6] Plaintiffs filed response and brief in opposition to the motions

---

[1] Doc. 82
[2] Sharon Carden Streett, Streett Law Offices, Ark. Bar No. 81150.
[3] All claims against Tammy Moore and Jennifer Jensen were dismissed without prejudice by this Court on 09/09/24. This Court dismissed all claims as a matter of law against the Vilonia Police Department on 02/02/25.
[4] Doc. 22-25.
[5] Doc.56. This Court Granted the Extension of Time to File Reply on 08/27/24. [Doc. 38]
[6] Doc. 26-28, 30-32

for summary judgment on 09/04/24.[7] Plaintiffs did not file a motion with the court requesting to continue the dates to respond nor was a motion for leave to file an out-of-time response filed. Separate District Defendants entered the reply to response to motion on 09/25/24.[8]

On 09/25/24, Separate District Defendants entered a motion to strike.[9] Plaintiffs entered a response in opposition to the motion on 10/03/24.[10] Attorney Work falsely believed this response was sufficient and took no further action.

On 02/07/25, this Court ordered Plaintiffs to file a motion for leave to file an out-of-time response with all the following: "(1) applicable Local Rules [of this Court]; (2) include, in addition to the motion and supporting brief, a declaration signed by Plaintiff's counsel swearing to all relevant facts concerning the 'blown deadline'; (3) explain in more detail – and in light of what the Court has said above – Plaintiffs' position on Rule 56 and whether Plaintiffs' counsel failed to read the Local Rule, the Final Scheduling Order, and Doc. 37; (4) explain why this is not the 'garden-variety attorney inattention' or 'inadvertence' that cases like *'Lowry v. McDonnell Douglas Corp.'* generally find to be inexcusable neglect.'"

On 02/10/25 at approximately 1:00 a.m., Plaintiffs' counsel filed a motion for leave to file out-of-time response which included the statement, "In accordance with Local Rule, Plaintiffs' Counsel has reached out to Defendants' Counsel via email but had no response at the time of this filing." On 02/10/25 at approximately 6:40 a.m., Plaintiffs sent Opposing Counsel notification of the motion. *See* Plaintiff's Exhibit 1. Opposing Counsel responded at 6:46 a.m. stating the following:

> Hi Bridgette- I read your motion already this morning and it says you reached out to us via email but had no response at the time of

---

[7] Doc. 40-49
[8] Doc. 63
[9] Doc. 64-65
[10] Doc. 66-67

3

> your filing. That's not true. You did not contact us before you filed your motion as you stated to the court. Are you planning to correct this misrepresentation with the Court?

*See* Plaintiff's Exhibit 2

On 02/10/25 at 11:03 a.m., Attorney Work responded, "I will amend my motion later today to more accurately reflect the notice to defendant." *See* Plaintiff's Exhibit 3. Attorney Work filed a motion to amend the previous motion with a draft of the amended motion including this change, "In accordance with Local Rule, Plaintiffs' Counsel notified Defendants' Counsel via email at the beginning of the workday on February 10, 2025."[11] The Court requested additional documents with this filing but Attorney Work failed to provide the documents.[12]

On 02/13/25, this Court denied Plaintiffs Motion for Leave to File an Out-of-Time Response for and denied Plaintiffs Motion to Amend.[13] This Court ordered Plaintiffs' counsel, Attorney Work, to appear in person before this Court on 03/18/25 and "respond to the Court's concerns" and "show cause."[14] The Court also offered Attorney Work the opportunity to submit a brief in response to Show Cause which is the purpose of this document.

On 02/28/25 after meeting to discuss the status of the case, Plaintiffs Timothy and Emily Kelley discharged the services of Attorney Work. On 03/03/25, a motion to that effect was filed in the court.[15]

This brief will address the following concerns of the Court: 1) explanation behind the "ridiculous interpretation" of Federal Rule 56 leading to the procedural errors and failures by Attorney Work, 2) address this Court's perception of Attorney Work, 3) consequences surrounding the demonstrated "standard of lawyering" before this Court.

---

[11] Doc. 80
[12] Doc. 81.
[13] Doc. 82.
[14] Doc. 82
[15] Doc. 83, Docket amended with Doc. 84.

4

### III.     EXPLANATIONS AND ARGUMENTS

A.  Attorney Work Did Not Intentionally Blow a Deadline of This Court

1. *Attorney Work's inexperience is the reason for her reliance on Federal Rule 56 in her filing of response to summary judgment.*

Federal Rule of Civil Procedure 56(d) states that, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

This is the singular section of Federal Rule 56 that addresses the actions of the nonmovant to a motion for summary judgment. Attorney Work is a professed novice attorney who had no prior filings in the District Court and limited experience before any court in this state. Attorney Work unwittingly associated the removal of the case to federal court with the application of Federal Rules of Civil Procedure.[16]

Admittedly, Attorney Work should have educated herself on all rules and expectation of this court at the time the matter was removed to the U.S. District Court Eastern District of Arkansas.

   a. Attorney Work can competently count and is aware of the days of the week, though these skills were not apparent in the miscalculation of timelines.

The wrongful assumption of "reasonable" was interpreted as thirty (30) days. Yet another wrongful assumption was that only business days were counted for the timeline. This was based on the theory that the Court is closed on weekends and holidays.

On 08/12/24, Separate District Defendants filed the motion for summary judgment.

---

[16] Doc. 1

5

Applying the faulty timeline and calendar assumptions, Attorney Work calculated that the response was due on or before 09/24/24. Thus, when Attorney Work filed the Plaintiffs' response documents on 09/04/24, she was not aware of the need to consider a motion for leave for out-of-time filing. These insane assumptions are also the basis for Attorney Work's statement that the response was filed only sixteen (16) days after the motion. When in actuality, the response was filed twenty-four (24) days after the motion, making it past the deadline.

The above description is to explain the logic relied upon. Attorney Work accepts this Court's reference to the explanation as "ridiculous." The lack of experience in District Court contributed to not seeking clarification or assistance.

2. *Attorney Work did not adequately plan for submitting Plaintiffs' responses to three separate motions for summary judgment.*

As previously stated, this was the first independent filing for Attorney Work as a solo practitioner. And the first time drafting a response to summary judgment for three separate defendants. Attorney Work scheduled fifteen (15) hours to draft response documents, allotting five hours per defendant. However, the first response and all associated documents took more than fifteen hours and there were two additional responses to be drafted.

Attorney Work extended all work deadlines and pushed personal commitments, yet there was still insufficient time to meet the expectations of the Local Rules of this Court. All associated response documents were filed in the federal system as soon as completed. Attorney Work has gained more experience and is still learning to pace the completion of legal tasks.

3. *Attorney Work experienced technical difficulties that could not be overcome until the actual date of her submission*

The entire submission of documents became  proverbial quicksand - one mistake coupled with another mistake all bound together sinking the document response.

6

      a. Attorney Work's office lost power, water, and internet connectivity during the installation of 5G fiber optic cable impacting all internet-based activity.

Beginning in December 2023, four separate companies began the construction project to lay fiber optic cable in the area of Attorney Work's home office. The various contractors carelessly caused property damage that resulted in intermittent loss of utilities throughout the neighborhood across several months. In August 2024, Hyper Fiber cut an internet cable resulting in intermittent loss of service for approximately ten days.

Attorney Work made the first attempt to submit the Plaintiffs' responses to summary judgment on 08/30/24. However, the unstable connectivity caused the session to time out before the submission was successful. Attorney Work recognizes that even if the submission had been successful on 08/30/24, this would still have exceeded the allotted timeline of the Local Rule7.2.

      b. Attorney Work was blocked from her PACER account until after Labor Day weekend.

On 08/30/24, Attorney Work went to another office location with a secure server in an attempt to complete the submission of Plaintiffs' responses in opposition to summary judgment. After three failed attempts to complete the submission, the electronic filing system PACER placed a security restriction on Attorney Work's account prohibiting access. Attorney Work contacted the PACER Helpline and was directed to leave a voice message and that someone would return the call.

Operating under the false assumption of reasonable time, Attorney Work did not attempt to hand deliver the Plaintiffs' response documents or seek further assistance on the afternoon of 08/30/24.

Attorney Work recognizes that even if she had hand delivered these documents, that the submission would still be outside the timeline of Local Rule 7.2.

      c.  Attorney Work's response in opposition to summary judgment should have followed this Court's Local Rule7.2

Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas 7.2(b) states the following:

> Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities. A party moving for summary judgment will have seven (7) days to file a reply in further support of the motion. A party seeking relief under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 may file a reply within seven (7) days of the response. For cause shown, the Court may by order shorten or lengthen the time for the filing of responses and replies. Fed. R. Civ. P. 6, including subparagraph 6(d), determines how the days are counted under this local rule, unless the Court specifies otherwise.

Ark. Dist. Ct. R. 7.2

The response to the motion for summary judgment and associated filings should have occurred within fourteen (14) days of the notice of the motion. The Plaintiffs' response in opposition to District Defendants' motion for summary judgment should have been filed on or before 08/26/24.

Given the same planning issues and technical hurdles, best practice would have been for Attorney Work to motion the court for leave to file an out-of-time response requesting an additional two weeks to file Plaintiffs' response in opposition to summary judgment.

B.  Attorney Work Asks This Court to Wait to Pass Judgment on Her Character as an Attorney

    1.  *Limited scope and context*

Attorney Work fully acknowledges the procedural errors in this matter and hopes that these frustrations are isolated and that this first appearance does not jeopardize this Court's long-term opinion of her as an attorney.

Attorney Work has never appeared in this Court or before His Honor for any purpose prior

to this case. As previously noted, Attorney Work is a new attorney that passed the bar in 2022. This is the first pleadings before the Court. Attorney Work would ask this Court to refrain from basing assumptions of her character upon these initial naïve interpretations and the procedural mistakes.

Since becoming aware of the frustration of the Court, Attorney Work has completed a thorough review of all Local Rules of this Court as well as further review into the application of Arkansas Rules of Civil Procedure and Federal Rule of Civil Procedure. Attorney Work continues to practice in state court and before Hearing Officers of the Arkansas Department of Education. Attorney Work has committed no violations of any timelines or procedural rules.

2. *Work-Life Integrity*

Attorney Work has a spotless twenty-four-year work history in hospitals, rehabilitation facilities, school districts and as a private provider. Though the work history as an attorney is limited outside of this case, there have been no significant errors brought to the attention of Attorney Work. Prior to law school, Attorney Work had an entire career focused on compliance and ethical practices and procedures. The procedural errors in this matter were in no way intentional.

Attorney Work holds honesty as paramount to her practice and values the opinion of others regarding her integrity. There is an expectation of being truthful in daily practice and representation of clients. Attorney Work believes in admitting fault and seeking forgiveness from those associated. This opportunity to reflect on errors made has expanded Attorney Work's knowledge of the practice of law.

C.  The Mistakes of Attorney Work in this Case and Should be Considered Excusable Neglect

The factors from *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship* are the standard

used by courts to determine if there is excusal neglect. The factors include the following: "1) the danger of prejudice to the non-moving party; 2) the length of delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within reasonable control of the movant; and 4) whether the movant acted in good faith."[17]

    1. *The collective actions of the Plaintiffs' Attorney are dissimilar to the "garden-variety attorney inattention" in* Lowry v. McDonnell Douglas Corp.[18]

The Court in *Lowry,* recognized that the *Pioneer* factors "do not carry equal weight" and that the "reason-for-delay" was "critical to the inquiry."[19] In *Lowry,* the counsel subject to review was appellant attorney Louis S. Franecke of California.[20] Attorney Franecke is an experienced attorney who had more than twenty-eight (28) years of experience at the time of the decision in *Lowry.*[21] In 1998, Attorney Franecke was entered as attorney in approximately twenty-five (25) federal cases. *See* Plaintiff's Exhibit 4. In *Lowry*, Attorney Franecke gave the reason for an untimely filing was a miscalculation of calendar days with confusion about including weekends.[22] The Court found that the "*experienced* counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal" and labeled this as "garden-variety attorney inattention."[23] (emphasis is mine)

In this present matter, Attorney Work is a novice attorney with less than three (3) years' experience unlike the experienced Attorney Franecke. This is the singular filing of Attorney Work in District court where procedures and rules are still ambiguous unlike in *Lowry* where the experienced attorney had numerous appearances and was well aware of the procedural rules. This

---

[17] 507 U.S. 380, 395 (1993).
[18] 211 F.3d 457 (2000).
[19] *Id.* at 463.
[20] Louis Stanton Franecke, Franecke Law Group, 1115 Irwin St. #100, San Rafael, CA, California Bar #52386
[21] *Id.*
[22] *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000).
[23] *Id.* at 464.

inexperience makes it more plausible that procedural errors could occur.

Thus, it should be concluded that Attorney Work's inexperienced misapplication of procedural rules was excusable neglect.

> 2. *The present case is more similar to the facts and actions of the counsel in* Treasurer, Trustees of Drury Ind. v. Goding, et al.

In *Drury*, an untimely filing was contributed to a "computer error."[24] As a result of a "calendaring application" the deadline produced was a Saturday Drury filed on the following Monday.[25] The court recognized that the missed deadline was "not because it ignored the deadline or procrastinated but because it made an error in attempting to comply."[26] The court's review of other factors noted that the "length of delay in filing was minimal" and that there was "no indication that the tardy filing was in any way motivated by bad faith."[27] The court in *Drury* determined this as excusable neglect and cited the decision in *Sugarbaker* where the court found excusable neglect when an attorney "attempted to comply with a deadline but miscalculated it filed within one day." [28] Further the court in *Fellows v. Minn. Ass'n of Prof'l Emps.,* held that a clerical error was not "egregious."[29] The court there stated that the "error does not reflect a generally inexcusable failure to understand the rules, but rather a mistake or carelessness in attempting to comply with the rules. Excusable neglect may include such mistakes."[30]

In this case, Attorney Work relied upon a faulty calculation and wrongfully applied this interpretation to the filing deadline. Similar to *Drury,* this resulted in only a minimal delay in filing and was not done in bad faith. And like in *Drury,* the missed deadline was not because she ignored

---

[24] *Treasurer, Trustees of Drury Ind. v. Goding, et al.*, No. 11-2885 (8th Cir. 2012).
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)
[29] *Fellows v. Minn. Ass'n of Prof'l Emps.*, Case No. 20-cv-01128 1, 5 (SRN/ECW) (D. Minn. Mar. 25, 2021)
[30] *Id. at 6*

the deadline or procrastinated filing but instead a procedural mistake of an inexperienced attorney. Attorney Work was attempting to comply with the deadline for filing but-for the mistake in calculation would have met the court's expectation.

Thus, this court should determine that these inadvertent mistakes of an inexperienced attorney are excusable neglect.

## IV.   CONCLUSION

The frustration of this court is valid as the Plaintiffs' filings were not compliant with the Local Rules of this court. These mistakes resulted in the court's questioning the veracity of the claims of this case and loss of a beloved client. Attorney Work is aware that mistakes will happen in future situations but there will be no issues with non-compliance with the Local Rules of this court in any future case. Attorney Work acknowledges procedural errors and sincerely apologizes for any perceived dereliction of duties. Attorney Work prays that this court will be merciful in deciding appropriate corrective action.

Respectfully submitted,

/s/ _____
Timothy Kelley, Plaintiff

/s/ _____
Emily Kelley, Plaintiff

BY: /s/ _____
Bridgette L. Work, ABN 2022238
Work Law Firm, PLLC
4706 Preswick Drive
Benton, AR 72019

12

Phone: 870-733-2753
Email: bworklawfirm@gmail.com

13