IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIMOTHY KELLEY and EMILY KELLEY,**  **PLAINTIFFS**
as Parents and Next Friend of H.K.

v.   Case No. 4:23-cv-00782-LPR

**VILONIA SCHOOL DISTRICT, et al.**   **DEFENDANTS**

## ORDER

This Order follows up on the March 18, 2025 show cause hearing.[1] As will be made clear in a subsequent sanctions order, the show cause hearing revealed that Plaintiffs' lawyer (Ms. Bridgette Work) lied in Court filings and intentionally ignored Court Orders.[2] This Order does not address those issues. Instead, this Order addresses an issue that has cropped up since the hearing.

In the show cause hearing, the Court and Ms. Work had the following colloquy:

**Court:** How much have you been paid for this case?
**Ms. Work:** Nothing.
**Court:** No retainer?
**Ms. Work:** No.
**Court:** Does that mean that you're working on contingency essentially?
**Ms. Work:** I was. Yes, sir.[3]

Subsequently, however, Plaintiffs provided a Notice to the Court that calls into question the veracity of this testimony.[4]

---

[1] Clerk's Minutes (Doc. 90).

[2] *See, e.g.,* Mar. 18, 2025 Hr'g Tr. (Doc. 92) at 7–15. Plaintiffs fired Ms. Work prior to the hearing. *See* Timothy Kelley Decl. (Doc. 85) ¶ 28; Emily Kelley Decl. (Doc. 86) ¶ 29. And the Court formally authorized her withdrawal at the close of the hearing. *See* Mar. 18, 2025 Hr'g Tr. (Doc. 92) at 34–35.

[3] Mar. 18, 2025 Hr'g Tr. (Doc. 92) at 21–22.

[4] *See* Pls.' Notice (Doc. 93).

From the documents attached to the Notice, it appears that Ms. Work and Plaintiffs entered into two separate contracts that are (or may be) relevant here. The first contract is dated March 2, 2023.[5] It is not a contingency contract. The contract requires a $1,800 retainer and establishes a bill-by-the-hour regime.[6] Under the contract, Ms. Work agrees "to represent [Plaintiffs] in their claim against the Vilonia School District for violations that occurred during the 2022–23 school year."[7] This would obviously include H.K.'s arrest on February 24, 2023.[8]

---

[5] *Id.* at 4–8.

[6] *Id.* at 4.

[7] *Id.*

[8] *See* Pls.' Resp. to McNew Statement of Facts (Doc. 34) ¶¶ 10, 12. It appears that H.K.'s parents spoke with Ms. Work three days after the arrest (on February 27, 2023). That same night, Ms. Work sent Plaintiffs an engagement letter that reads as follows:

> Dear Mrs. Kelley:
>
> It was a pleasure talking with you this evening. This letter is to confirm what we talked about during our initial consultation.
>
> You have asked that I represent you and your [child] in legal action concerning your minor child . . . with the Vilonia School District. That representation would entrail [sic] drafting and filing a complaint on your behalf, investigating the facts of the case, obtaining educational and medical consultation concerning [H.K.], filing and responding to interrogatories and other written discovery, preparing and writing motions, responding to motions filed by the defendant or any third party, attending all hearings and conferences, engaging in settlement negotiations with the defendant and conducting the trial of this case if a settlement is not reached, and researching the law as necessary to accomplish each task. My fee for all this is covered by the standard fee agreement, which is attached.
>
> There is a possibility that you may want to appeal any unfavorable hearing results or that you will have to file a separate lawsuit to enforce a judgment. We have not discussed whether I should represent you on either of these contingencies, so they are not within this representation agreement. However, if appeal or enforcement is necessary and we decide that I should represent you, the fee would be in accordance with the standard fee agreement.
>
> I will keep you informed about the progress of your case and will consult with you about all major decisions. Your part of the agreement is to keep me fully informed at all times of your telephone number(s) and email address, and to cooperate fully with me in the preparation of the case.
>
> Please give the matter careful consideration. If you would still like me to represent you in this matter in accordance with the terms of this letter, please sign and return the enclosed Fee Agreement. If I do not hear from you within thirty days, I will assume you have retained other counsel or decided not to pursue this matter, and I will do nothing further on the case.

Pls.' Notice (Doc. 93) at 3.

The second contract was a contingency fee contract, unlike the bill-by-the-hour regime of the first contract.[9] The second contract was signed on June 1, 2024, and had an effective date of May 28, 2024.[10] It appears that, until this point, the parties had been operating under the first contract. The second contract essentially says so: "The previous contract expired on 2/28/24 and a new contract is necessary for continued representation."[11]

Given the timing involved, there is a strong possibility that part of the instant litigation was governed by the fee arrangement of the first contract. The instant litigation was filed in state court on July 17, 2023, more than seven months before the expiration of the first contract and more than 10 months before the effective date of the second contract.[12] And the second contract provides that Ms. Work was being employed "to ~~commence~~ continue litigation" of the arrest-related claims.[13] The second contract thus implies that the first contract governed the commencement of (and at least some portion of) the instant litigation. Such an understanding of the contracts is consistent with a May 28, 2024 invoice from Ms. Work to Plaintiffs:

---

[9] *See* Pls.' Notice (Doc. 93) at 21–25.

[10] *Id.* at 21, 25.

[11] *Id.* at 21.

[12] Compl. (Doc. 2) at 1.

[13] Pls.' Notice (Doc. 93) at 21.



| Work Law Firm, PLLC | INVOICE |
| --- | --- |
| Bridgette L. Work, Attorney at Law | Invoice no.: 1028 |
| 4706 Preswick Drive | Invoice date: 5/28/24 |
| Benton, AR 72019 | Due date: 6/4/24 |
| bworklawfirm@gmail.com | February 27 - May 28, 2024 |

**Initial Contract Fees and Client Expenses**

**4:23-CV-00782-LPR**

| TOTAL BILLABLE AMOUNT | $18881.34 |
| --- | --- |
| Payments Received: | -$3,000.00 |
| TOTAL AMOUNT DUE | $15,881.34 |

This bill reflects the balance of the initial contract and includes only the Client expenses under the Contingency Contract 5-28-24.

Please make prompt payment to Work Law Firm, PLLC. If you have questions regarding this bill or would like a detailed invoice please contact us at billingworklawfirm@gmail.com. If service charges are assessed, these charges will be reflected on your invoice.

PayPal: billingworklawfirm@gmail.com - Subject to 5% service charge in addition to the billed amount
Cash App: $BillingWorkLawFirm
Venmo: @BillingWorkLawFirm

**WIRE TRANSFER INFORMATION:**

ROUTING NUMBER [redacted]

ACCOUNT NUMBER [redacted]

This document suggests that at least some of the $15,881 invoiced by Ms. Work (plus some of the previously paid retainer) were for services rendered in "4:23-cv-00782-LPR," which is the instant litigation.[14] And *if* that is true, then it is obvious that Ms. Work falsely testified at the show cause hearing that she was not paid anything for this case.

---

[14] *Id.* at 14.

4

Despite the foregoing, the Court acknowledges that it is—at present—less than clear whether any of the $15,881 invoiced by Ms. Work (plus some of the previously paid retainer) were for services rendered in the instant litigation. This lack of clarity comes from Plaintiffs' post-hearing Notice to the Court, in which Plaintiffs state:

> The Plaintiffs executed two contracts with their former counsel, Bridgette Work. One covered the billable time invested in assisting the Plaintiffs with exhausting their administrative law remedies[.] . . . Between 2023 and 2024, the [P]laintiffs tendered a total of $18,881.34 for that pre-litigation work. . . . The [P]laintiffs later executed a separate contract for this litigation case, and it was [a] contingency [contract]. . . . No fees have been paid on this contract to Bridgette Work; however, the Plaintiffs have incurred costs for deposition transcripts totaling $2,827.75.[15]

This statement suggests that—contrary to what the timing and wording of the supporting documents imply—the legal fees paid to Ms. Work did not cover any of the actual legal work performed in the case at bar. Even in this scenario, however, the legal fees paid to Ms. Work would have covered legal work that is colloquially considered to be part of this case—i.e., work done to exhaust administrative remedies as a potential precursor to a lawsuit. Moreover, in light of Ms. Work's other misconduct in this case, the Court is not willing to assume that she accurately represented to Plaintiffs what specific work was paid for with their $15,881 (plus retainer).

Within seven (7) days of the date of this Order, Ms. Work must file with the Court: (1) all of the time-keeping and billing records that support the $18,881.34 charged to Plaintiffs; and (2) a declaration, filed under penalty of perjury, explaining in detail what work the $18,881.34 paid for and also explaining whether any part of the $18,881.34 paid for work in the case at bar. This filing must be made *ex parte* and under seal. Because Ms. Work has ignored Court Orders in the past, the Court notes that, if Ms. Work does not make the required filing, the Court will assume that a

---

[15] *Id.* at 1–2.

significant portion of the moneys paid by Plaintiffs were for work done in the case at bar.  No extensions of time will be granted.

    IT IS SO ORDERED this 2nd day of May 2025.[16]

                                         _____
                                         LEE P. RUDOFSKY
                                         UNITED STATES DISTRICT JUDGE

---

[16] Ms. Work has been fired by Plaintiffs and has been withdrawn from the case.  *See* Timothy Kelley Decl. (Doc. 85) ¶ 28; Emily Kelley Decl. (Doc. 86) ¶ 29; Mar. 18, 2025 Hr'g Tr. (Doc. 92) at 34–35.  It is thus understandable that the Clerk's office removed her from the docket.  However, because of the ongoing sanctions issue, the Clerk is ordered to ensure that Ms. Work remains "live" in the case to the extent that she receives ECF notifications when there are new docket entries (including this one) and can make submissions on her own behalf in this case.  In addition, the Clerk is directed to mail a paper copy of this Order to Ms. Work.  Finally, the Courtroom Deputy is directed to email Ms. Work (copying the pro se Plaintiffs and Defense counsel) a copy of this Order.